## IN THE MATTER OF THE CONTEMPT OF GOO WAN HOY.

### No. 1048.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.
HON. S. B. KEMP, JUDGE.

ARGUED APRIL 10, 1918.                    DECIDED APRIL 17, 1918.

COKE, C. J., QUARLES, J., AND CIRCUIT JUDGE EDINGS IN
PLACE OF KEMP, J., DISQUALIFIED.

CONTINUANCE—*abuse of discretion.*

> It is not an abuse of discretion for the trial judge to refuse at
> the close of the hearing the verbal request for a continuance which
> is not supported by a showing that the accused can and will pro-
> duce further evidence material to his defense although some of
> the developments during the hearing may tend to surprise the ac-
> cused.

*Per Curiam:* Information was filed against the appel-
lant charging him with contempt of court in that he did
while an equity suit was being heard remove, mutilate and
attempt to destroy a certain letter introduced in evidence
at said hearing. The appellant heretofore moved in this
court for the admission of newly discovered evidence, which
motion we denied for the reasons stated in the opinion
(*ante* page 71).

Being unauthorized to review the evidence the only
question before us is the one raised by appellant's assign-
ment of error that the circuit judge erred in refusing the
oral request of appellant for a continuance under the fol-
lowing circumstances: After the matter had been heard,
and the evidence pro and con closed, the circuit judge was
handed an anonymous letter containing what purported

to be portions of the missing letter with the statement therein that the pieces so enclosed had been in the possession of one Malani, a witness for appellant in the equity suit. The evidence tended strongly to show that appellant had taken the missing letter from the court room, took it to a toilet bowl in the building and while standing facing the toilet bowl had torn the letter to pieces and thrown them into the bowl, after which he flushed it. Soon after leaving the toilet two pieces of paper, one blank and the other containing what appears to be a portion of the letter addressed to Mr. W. G. Let, Honolulu, T. H., to whom the missing letter was addressed, were found in the toilet bowl. The accused verbally requested a continuance to enable him to make an investigation, but his request for such continuance was not supported by affidavit or other showing to the effect that the appellant could or would bring further evidence material to his defense for the purpose of overcoming the case made against him on behalf of the prosecution, which request was denied.

It is not an abuse of discretion for the trial judge to refuse at the close of the hearing the verbal request of the accused for a continuance which is not supported by a showing that the accused can and will produce further evidence material to his defense although some of the developments during the hearing may tend to have surprised the accused.

The judgment is affirmed.

*I. M. Stainback,* Attorney General, for the Territory.

*J. Lightfoot* (Lightfoot & Lightfoot on the brief) for respondent.